# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Andrew J. Gibbons,

                Plaintiff,

v.

Ethan C. Bjorkland and Melinda Erwin,

                Defendants.

Case No. 21-cv-2416 (KMM/ECW)

**ORDER
AND
REPORT AND RECOMMENDATION**

---

This matter is before the Court on (1) pro se Plaintiff Andrew J. Gibbons' ("Plaintiff" or "Gibbons") Second Amended Complaint (Dkt. 12), Third Amended Complaint (Dkt. 17), Fourth Amended Complaint (Dkt. 22) and Fifth Amended Complaint (Dkt. 25) (collectively, "Amended Complaints"); (2) Plaintiff's Motion to Appoint Counsel to the Plaintiff for the Initial Pleadings Stage (Dkt. 18) ("Motion to Appoint Counsel"); and (3) Plaintiff's Motion to Stay Proceedings Until Appointed Counsel Assists Plaintiff with Initial Pleadings (Dkt. 20) ("Motion to Stay Case").

## I.   BACKGROUND

On November 1, 2021, Gibbons initiated this case under 42 U.S.C. § 1983 against various defendants based on events that occurred while he was an inmate at Moose Lake

Prison.[1]  (*See* Dkt. 1; *see also* Dkt. 1-1 at 1; Dkt. 1-2 at 2.)[2]  At the time he filed the initial

Complaint, Gibbons also filed an Application to Proceed in District Court Without

Prepaying Fees or Costs (Dkt. 2) ("IFP Application"), a Motion to Appoint Counsel for

the Plaintiff (Dkt. 3), and a Motion to Stay Proceedings Until Counsel is Appointed for

the Plaintiff (Dkt. 5).  On November 3, 2021, the Court issued an Order on the IFP

Application, ordering Gibbons to pay an initial partial filing fee of $11.76, which

Gibbons paid on November 18, 2021.  (Dkts. 6, 8.)

On November 18, 2021, Gibbons filed an amended complaint and then filed an

"addendum" to the amended complaint on December 22, 2021 (collectively, "First

Amended Complaint").  (Dkts. 7, 9.)  The Court issued an Order on January 20, 2022,

denying Gibbons' motion to appoint counsel without prejudice on the basis that he had

not "demonstrated that the case is sufficiently complex to warrant the appointment of

counsel" given that the "facts underlying his claims (the confiscation and disposal of

certain items) are not complicated" and because his filings demonstrated "sufficient

ability to articulate his claims and arguments to the Court," and denied Gibbons' request

---

[1]  The initial Complaint was brought against the following defendants: (1) Moose Lake Prison; (2) Ethan C. Bjorkland in his individual capacity; (3) Melinda Erwin in her individual capacity; (4) John Myers in his individual capacity; (5) Ian Heaslip in his individual capacity; (6) Darry Goebel in his individual capacity; (7) William Bolin in his individual capacity; (8) Bruce Anderson in his individual capacity; (9) Jim Carlson in his individual capacity; (10) Gene Dornink in his individual capacity; (11) Mary Murphy in her individual capacity; (12) Luke Frederick in his individual capacity; (13) Duane Quam in his individual capacity; (14) Benjamin Ehlers in his individual capacity; and (15) all members of the Joint House/Senate Subcommittee on Claims in their individual capacities.  (*See* Dkt. 1; Dkt. 1-1 at 1.)

[2]  All page number citations are to the CM/ECF pagination unless otherwise noted.

to stay the case as premature "because the non-movants have not even been served with this action and therefore have not had the ability to respond to the" motion ("January 20 Order"). (Dkt. 11 at 5-6.) In the January 20 Order, the Court also found Gibbons' First Amended Complaint was not properly pleaded because it appeared to submit additional facts to the initial Complaint, and as a result, permitted Gibbons to file a second amended complaint that met the following requirements:

- First, the second amended complaint must be an entirely new pleading. It may not be a supplement or addition or addendum to the prior Complaint or Amended Complaint; it must stand on its own.

- Second, the second amended complaint must include a complete and coherent description of the historical facts on which Gibbons' lawsuit is based.

- Third, the second amended complaint must identify clearly each defendant that Gibbons intends to sue, describe what he or she or it did (or failed to do) that was unlawful, and explain how his or her or its action (or inaction) violated Gibbons' rights or applicable law.

- Fourth, to the extent that Gibbons claims that individual people violated his federal constitutional rights, the second amended complaint must also indicate the capacity in which Gibbons intends to sue each of those people (i.e., his or her individual capacity, official capacity, or both).

- Fifth, consistent with the Court's discussion of damages, as discussed below in this Order, Gibbons must specific [sic] in a separate section of the second amended complaint all of the relief he seeks as part of his claims.

(*Id.* at 2-3.) The Court gave Gibbons 28 days from the date of the January 20 Order, or until February 17, 2022, to submit an amended complaint that complied with those requirements. (*Id.* at 3.)

On January 20, 2022, the Clerk's Office received an "Amended Complaint Final" dated January 17, 2022 from Gibbons, which the Court construed as a Second Amended

Complaint.  (Dkt. 12.)  As Gibbons noted, this Second Amended Complaint was mailed before the Court issued the January 20 Order and therefore was not responsive to the Order.  (*See* Dkt. 16 at 2 ¶¶ A-B.)  The Second Amended Complaint names only Ethan Bjorkland and Melinda Erwin as defendants in their individual capacities and states therein that Gibbons "removed all but two defendants after researching the notion of 'proximate cause' more thoroughly."  (*See id.* at 1, 3; *see also* Dkt. 12-1 at 1.)  Accordingly, all defendants named in the initial Complaint, except Ethan Bjorkland and Melinda Erwin, were terminated from this suit.

Gibbons did not file an amended complaint responsive to the January 20 Order by the 28-day deadline.  On March 9, 2022, having received no additional filings from Gibbons, the Court granted the IFP Application and ordered Gibbons to submit a properly completed Marshal Service Form (Form USM-285) for Defendants "within 30 days of this order, or it will be recommended that this matter be dismissed without prejudice for failure to prosecute" ("March 9 Order").[3]  (Dkt. 13 ¶ 2.)  The March 9 Order made it clear that after being served Defendants were to respond to the Second Amended Complaint sent by Gibbons on January 17, 2022, and received by the Clerk's Office on January 20, 2022 at Docket Entry 12.  (*See id.* ¶ 3.)  As a result, on March 10, 2022, the Clerk's Office sent a letter to Gibbons and enclosed a Form USM-285 ("USMS Service

---

[3]    Rule 4(c)(3) of the Federal Rules of Civil Procedure provides that the Court must order "that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."  Fed. R. Civ. P. 4(c)(3).

Form") to be completed by Gibbons for each Defendant ("the Letter").  (Dkt. 14.)  The Letter stated that "[s]ervice cannot be performed until these completed forms have been received by the Clerk's Office."  (*Id.*)

On April 6, 2022, Gibbons filed a response to the January 20 Order, noting his intent to add several defendants to this suit, and on the same day, filed a "Second Complaint per 1/20/22 Order" dated April 1, 2022, which the Court construes as a Third Amended Complaint, against several defendants,[4] including some of those listed in the initial Complaint.  (Dkt. 16 at 1 ¶ E; *see also* Dkt. 17 at 1-2.)  Gibbons also filed the Motion to Appoint Counsel and Motion to Stay Case on April 6, 2022.  (Dkts. 18, 20.)  On April 18, 2022, Gibbons filed a "'Second Complaint' per 1/20/22 Order Amended" dated April 14, 2022, which the Court construes as a Fourth Amended Complaint, against the defendants named in the Third Amended Complaint as well as against additional defendants[5] not previously named in his prior complaints.  (Dkt. 22 at 2-4.)  The Fourth Amended Complaint is inclusive of one paragraph that purports to amend the Third Amended Complaint.  (*Id.* at 5.)  On June 2, 2022, Gibbons filed another document titled "Second Complaint per 1/20/22 Order Amendment," dated May 28, 2022, which is

---

[4]    The Third Amended Complaint is brought against the following defendants in their individual capacities only: Ethan Bjorkland, Melinda Erwin, John Myers, Ian Heaslip, Darryl Goebel, Melissa Janke, William Bolin, Benjamin Ehlers, Bruce D. Anderson, Jim Carlson, Gene Dornink, Mary Murphy, Luke Frederick, Duane Quam, and "Jane & John Does Defendants of the Dep[artment] of Corrections Central Office 'Facticity Safety & Security Unit' March, 2021."  (Dkt. 17 at 2, 5-6.)

[5]    The Fourth Amended Complaint is also brought against Michelle Smith, Latvia Osgood, and Morgan Brown/Brom in their individual capacities.  (*See* Dkt. 22 at 2.)

construed as the Fifth Amended Complaint.  (Dkt. 25.)  The entirety of the Fifth

Amended Complaint is two paragraphs which also attempt to amend the Third Amended

Complaint.  (*Id.* at 2.)

## II.    THE COURT RECOMMENDS DISMISSAL BASED ON GIBBONS' FAILURE TO COMPLETE AND RETURN THE FORM USM-285

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is

not served within 90 days after the complaint is filed, the court--on motion or on its own

after notice to the plaintiff--must dismiss the action without prejudice against that

defendant . . ."  Fed. R. Civ. P. 4(c)(3).  More than 240 days have passed since this case

was initiated and no Defendant has been served.  (*See* Dkt. 1.)  This is because, to date,

Gibbons has not returned a completed USMS Service Form for any Defendant.  Instead,

Gibbons has filed a series of purported amended pleadings that do not comply with the

Court's directions in the January 20 Order.  (*See* Dkts. 17, 22, 25.)  The Court cautioned

Gibbons in the March 9 Order that if he did not submit properly completed USMS

Service Forms for each Defendant "within 30 days of this order, it will be recommended

that this matter be dismissed without prejudice for failure to prosecute."  (Dkt. 13 ¶ 2.)

Further, the Letter sent on March 10, 2022, with the USMS Service Forms cautioned

Gibbons that "[s]ervice cannot be performed until these completed forms have been

received by the Clerk's Office."  (Dkt. 14.)

The Court finds that Gibbons' failure to return properly completed USMS Service

Forms, which has prevented service in this lawsuit well beyond the 90 days set forth in

Rule 4(m), constitutes a failure to prosecute his claims.  Gibbons cannot ignore the

Court's January 20 Order setting a deadline for him to file an amended complaint complying with the Court's directions or the March 9 Order directing him to fill out the USMS Service Forms in favor of filing non-compliant amended complaints and a second set of motions to appoint counsel and stay these proceedings.  The Eighth Circuit has approved of sua sponte dismissal for failure to serve a defendant, so long as the dismissal is without prejudice.  *See* Fed. R. Civ. P. 41(b); *see also Hoffmann v. United States*, 21 F. App'x 528, 529 (8th Cir. 2001) (per curiam) (holding that plaintiff's failure to serve the defendant for over 120 days since filing the complaint warranted a sua sponte dismissal without prejudice under Rule 4(m)); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."). Accordingly, the Court recommends dismissal of this case due to Gibbon's failure to prosecute his claims, namely his failure to complete the USMS Service Forms and, if Gibbons did not wish to proceed with the Second Amended Complaint at Docket Entry 12, due to his failure to file an amended complaint that complied with the January 20 Order.

The Court turns to Gibbons's Motion to Appoint Counsel (Dkt. 18) and Motion to Stay Case (Dkt. 20).  First, because the Court recommends dismissal of this action, the Court denies those Motions as moot.  *Njaka v. Kennedy*, 2014 WL 4954679, at *18 (D. Minn. Sept. 30, 2014) ("[I]n light of the Court's determination as to dismissals, the motions [for preliminary injunction and temporary restraining order] should be denied as moot.").  Second, and in any event, there is no constitutional or statutory right to

appointed counsel in civil cases. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995). Rather, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Factors to consider in deciding whether to recruit counsel, include the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The Motion to Appoint Counsel and Motion to Stay Case are premised on similar arguments made in Gibbons' prior motion to appoint counsel and motion to stay case (*compare* Dkts. 18, 20, *with* Dkts. 3, 5), which the Court denied (Dkt. 11 at 5-6). Thus, in the alternative, the pending Motion to Appoint Counsel and Motion to Stay Case are denied for the reasons articulated in the January 20 Order.

## III.   ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.   Plaintiff's Motion to Appoint Counsel to the Plaintiff for the Initial Pleadings Stage (Dkt. 18) is **DENIED**; and

2.   Plaintiff's Motion to Stay Proceedings Until Appointed Counsel Assists Plaintiff with Initial Pleadings (Dkt. 20) is **DENIED**.

## IV.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:** This case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

Dated: July 1, 2022                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge


## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).